UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-257-MOC-DCK

| | |
|---|---|
| **SERENA EVANS,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Counts II, III, IV, and V of Plaintiff's Amended Complaint. (Doc. No. 16). For the following reasons, Defendant's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed a Complaint for civil damages against Defendant alleging discrimination based on sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"). (Doc. No. 1). Plaintiff further alleges state tort law claims of negligence, negligent hiring and supervision, premises liability, and intentional infliction of emotional distress. (Id.).

Defendant Charlotte-Mecklenburg Board of Education operates schools, including Myers Park High school ("MPHS"). Plaintiff was a student at MPHS, where she was harassed and sexually assaulted by a fellow classmate. Plaintiff alleges that Defendant failed to prevent sexual harassment and assault on its campuses, and this failure to act resulted in Plaintiff's sexual harassment and assault. (Doc. No. 13). Specifically, Plaintiff alleges CMS's failure to address complaints about gender-based discrimination, harassments, assaults, and a hostile educational

1

environment violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX") (Count I). Moreover, Plaintiff brings state law tort claims for negligent supervision and retention (Count II), negligence (Count III), premises liability (Count IV), and intentional infliction of emotional distress (Count V). Relevant here, the only liability insurance Defendant owns is an excess liability policy. Coverage under that policy is triggered only if Defendant becomes liable for, and pays, the first $1,000,000 for an occurrence. (Doc. No. 7-1 at ¶ 6).

## II. PROCEDURAL BACKGROUND

Defendant filed a Motion to Dismiss Plaintiff's Complaint on August 19, 2022. (Doc. No. 7). Plaintiff thereafter filed an Amended Complaint on September 9, 2022, and Defendant filed a Motion to Dismiss the Amended Complaint on September 30, 2022. (Doc. No. 16). Defendant filed both motions to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition to Defendant's motion to dismiss the Amended Complaint on October 28, 2022. (Doc. No. 22). Defendant filed a reply to Plaintiff's response on November 9, 2022. (Doc. No. 28).

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff's federal statutory claim asserts a federal question pursuant 28 U.S.C. § 1331 and this Court has subject matter jurisdiction over Plaintiff's state law claims via 28 U.S.C. §§ 1343 supplemental jurisdiction. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(a), because Defendant is domiciled in and conducts business within this judicial district.

## III. STANDARDS OF REVIEW

Defendant has filed motions to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

### a. Rule 12(b)(1) Standard

2

Under Rule 12(b)(1), the defendant may file a motion to dismiss based on a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Where a defendant files such motion, the plaintiff bears the burden to prove that subject matter jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Additionally, a motion to dismiss for lack of subject matter jurisdiction may be brought on the grounds that the complaint fails to allege sufficient facts to invoke the court's jurisdiction and, when made on those grounds, all the facts asserted in the complaint are presumed to be true. Id.

  b. **Rule 12(b)(2) Standard**

Rule 12(b)(2) provides for dismissal for "lack of personal jurisdiction." FED. R. CIV. P. 12(b)(2). Under Rule 12(b)(2), the defendant is required to affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage. Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). Although the court may consider affidavits submitted by both parties, factual disputes and all reasonable inferences must be made in favor of the party asserting jurisdiction. White v. Aetna Life Ins. Co., No. 3:20-CV-204-MOC-DSC, 2021 WL 467210, at *2 (W.D.N.C. Feb. 9, 2021).

  c. **Rule 12(b)(6) Standard**

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a

right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

### IV. DISCUSSION

North Carolina boards of education are entitled to governmental immunity from lawsuits that allege tortious or negligent conduct unless the board has waived its governmental immunity. N.C. GEN. STAT. § 115C-42; see also Magana v. Charlotte-Mecklenburg Bd. of Educ., 183 N.C. App. 146, 148 (2007) ("With respect to immunity, a county board of education is a governmental agency, and is therefore not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority."). One way a board of education can waive its governmental immunity is by purchasing liability insurance. N.C. GEN. STAT. § 115C-42. However, the purchase of insurance limits waiver to those torts covered by the insurance policy. Beatty v. Charlotte-Mecklenburg Bd. of Educ., 99 N.C. App. 753, 755 (1990).

Defendant asserts it has not waived its immunity and therefore Plaintiff's state tort law claims should be dismissed. Plaintiff, to the contrary, asserts that Defendant has waived its government immunity by through the purchase of excess liability insurance. Plaintiff points to Defendant's "purchase of general liability insurance in the amount of one million dollars per

4

occurrence" and argues that such a purchase was an act of waiver. (Doc. No. 22 at 6). However, this general liability insurance contains a self-insured retention limit of $1,000,000. (Doc. No. 7-1 at ¶ 6). Indeed, the purchased insurance is an excess insurance policy that provides no coverage to Defendant for any amount up to $1,000,000. Moreover, Defendant has no other insurance that might be applicable to provide coverage for the events alleged in the Amended Complaint for any amount below $1,000,000. (Id.).

Therefore, this Court must determine whether Defendant's purchase of excess insurance waived its immunity under North Carolina law, N.C. GEN. STAT. § 115C-42. Federal courts "are bound, of course, by the interpretation placed upon a state statute by the courts of the state itself, whether we agree with that interpretation or not." S. Dairies v. Cooper, 35 F.2d 439, 442 (4th Cir. 1929); See also Hickerson v. Yamaha Motor Corp., 882 F.3d 476, 485 (4th Cir. 2018) (quoting St. Paul Fire & Marine Ins. Co. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995)) ("Federal courts should not create or expand a state's public policy.")).

North Carolina's courts have clearly spoken on this matter. In a case very similar to this one, the North Carolina Court of Appeals determined that a school board's purchase of a liability insurance policy providing coverage for damages in excess of the board's self-insured retention of $1,000,000 did not constitute a waiver of governmental immunity. Magana, 183 N.C. App. at 149. Here, as in Magana, "[s]ince the Board has statutory immunity from liability for tort claims, it cannot be required to pay any part of the $1,000,000 self-insured amount and, therefore, the excess policy will provide no indemnification." Id. at 149. Therefore, Defendant's excess policy cannot cover Plaintiff's claims. Because the excess policy does not cover Plaintiff's claims, the policy's waiver of governmental immunity does not extend to Plaintiff's claims. This notion has been reaffirmed multiple times and "[t]he settled rule, established by Ballard, Arrington, Bullard,

5

Magana, and Hinson, is that the purchase of a liability insurance policy will not waive governmental immunity when insurance coverage is triggered only upon the government entity's payment of the entire self-insured retention or retained limit." Capps v. Cumberland Cnty. Bd. of Educ., No. COA 20-519, 2021 WL 4535699, at *5 (N.C. Ct. App. Oct. 5, 2021) (unpublished); see also Ballard v. Shelley, 257 N.C. App. 561 (2018), Arrington v. Martinez, 215 N.C. App. 252 (2011), Bullard v. Wake Cnty., 221 N.C. App. 522, disc. rev. denied, 366 N.C. 409 (2012), and Hinson v. City of Greensboro, 232 N.C. App. 204 (2014).[1]

Because Defendant has not waived its immunity through the purchase of its excess insurance policy, this Court must dismiss Plaintiff's state law tort claims for lack of jurisdiction. See, e.g., Frye v. Brunswick Cnty. Bd. of Educ., 612 F. Supp. 2d 694, 700 (E.D.N.C. 2009) ("[T]he governmental immunity defense under North Carolina law presents a question of jurisdiction.").

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss with prejudice Counts II, III, IV, and V of Plaintiff's Amended Complaint, (Doc. No. 16), is **GRANTED**.

Additionally, the Court finds that because Plaintiff's filing of the Amended Complaint superseded the original Complaint, the pending Motion to Dismiss the original Complaint (Doc. No. 7), shall be terminated as **MOOT**.

---

[1] Undoubtedly, Magana's interpretation severely limits the usefulness of the excess policy, but such an insurance policy may still serve a purpose. There may be situations where "immunity is not available either because of federal or state statutes, or because of exceptions to the sovereign immunity doctrine," and such an excess policy would be useful. Magana, 183 N.C. App. at 149.

6

Signed: January 18, 2023

*Max O. Cogburn Jr.*
United States District Judge